(Clark County, Ohio, Probate Court.)

IN THE MATTER OF EXCEPTIONS TO ACCOUNT OF G. H. WOLFE AND JAMES D. BOYD, ADMR'S. OF SAMUEL WOLFE, DECEASED.

---

*Counsel fees—*

1. Where the settlement of an estate, amounting to over $23,000, extends over four years, during which time counsel gives advice, brings suit to sell real estate in probate court, also suit in common pleas to construe will, makes abstract of title, files accounts, a fee of $550.00 is not excessive.

*Extra allowance to administrator—*

2. For expenses incurred and services,

rendered in the bringing of a suit to construe will of decedent, looking after real estate, collecting rents, and paying taxes thereon for two years, are services not required of an administrator or executor in the common course of his duty.

*Itemized claim, etc,* —

3. Where an administrator presents a claim for extra services, he must present it itemized fully, so that the court or heir may understand the exact nature of his claim and the services rendered etc.

ROCKEL, J.

The evidence shows that Jas. D. Boyd and Geo. H. Wolfe were appointed and qualified as administrators with the will annexed of Samuel Wolfe, deceased, in May, 1888. They at once entered upon the discharge of their duties, and employed W. L. Weaver, Esq., a lawyer of experience and ability, as their legal adviser.

The sales of personal property held at these different times amounted to some $3,-000.00. By the will of the decedent the administrators were to sell the real estate when "the youngest heir at law" should arrive at the age of majority. Until such time they were to rent out the farm, and divide the proceeds among his creditors.

The administrators were in doubt as to the meaning to be placed upon the phrase "the youngest heir at law," as found in the will.

A suit was filed in the common pleas court to have construction of the will made. The court held that by "the youngest heir at law," as used in the will, the testator meant his youngest child, and that it was the duty of the administrators to sell the real estate as soon as the youngest child of the deceased became of age. For the purpose of giving purchasers every assurance to the title possible, when the youngest child became of age the administrators filed a petition in this court for an order to sell the real estate, and under such order they sold the realty, realizing some $1,600.00 therefor. The administrators had charge of the renting of the real estate for about two years. Shortly after the sale of the real estate the notes for deferred payments by order of the court were sold, and the amount realized applied to debts and liabilities of the decedent, and distributed to legatees. There was one note due the estate which, if pressed by suit, its collection would have been exceedingly doubtful. It was, however, finally collected, and soon thereafter a final account was filed on September 17, 1892.

There was a note of a considerable amount, of $1,000.00 or more, upon which the deceased was surety. This the administrators had to pay, and by the exercise of considerable tact and good judgment they received it back from the principal. In all they were a little over four years in the settlement of the estate amounting to over $23,000.00. Every dollar of assets of the estate was collected and accounted for in the four accounts filed in this court.

The administrators gave to Mr. Weaver, who was their counsel through the entire management of the estate, for his services the sum of $550.00. This was the entire amount paid for services in connection with the settlement of the estate. Mr. Weaver attended to all the proceedings in court, gave advice frequently as was required, and largely assisted in saving the two doubtful claims before mentioned, and besides made abstract of title, ect., to realty.

The administrators ask in the final account an allowance of $80 00 for expenses incurred and extraordinary services.

To his payment of $550.00 to Mr. Weaver and an extra allowance of $80.00 to the administrators, objection is made and exceptions filed, alleging that the services rendered by Mr. Weaver were not worth $550.00 and that the same is excessive, and that the administrators were not entitled to anything for extra services, etc.

First, as to counsel fees:—

It is not only the privilege, but the duty of every inexperienced administrator or executor to procure the services of competent counsel to assist him in the proper discharge of his trust. Much more has been lost to heirs and legatees by failure to procure such counsel, than has ever been paid for such services. Besides the administrator has a right to procure such counsel, etc., for his own protection as well as for the benefit of the estate.

Indeed, in this case it would have been absolutely impossible to have gotten along without the aid and assistance of experienced counsel. The necessity of the suit to construe the will, and the costs attaching thereto, was but the penalty which usually follows the drafting of a will by an inexperienced person. Proper counsel employed by the testator to draft this important instrument would have been a wise precaution against large attorney's fees in the settlement of the estate. But so long as people persist in allowing incompetent persons to draft their wills, they may expect to follow as a natural consequence, that their estate will need to pay a pretty good sized attorney's fee to counsel to assist the administrator in the proper administration of his trust. In determining the value of counsel fees rendered to administrators in the discharge of their trust, the nature, number and importance of the various matters arising, in which such service was needed and rendered, the intricacy or doubt involved in questions submitted for advice or matters in litigation, the amount of the estate, the nature of the services, the required duration of the settlement of the trust, the results accomplished and the learning and standing of the lawyer in his profession, should all be taken into consideration.

While the number of the suits in court and amount involved in which counsel appeared for the estate should also be taken into consideration, it should not be given undue weight in cases where such services are not required.

Advice and service rendered securing the just settlement of doubtful claims for or against the estate, and thus preventing litigation, are generally of more value to the estate than those performed in actual litigation.

The correct preparation and filing of accounts and proper distribution, and receipts for the same, is of vast importance to the administartors, heirs and legatees, involving often the title to real estate and the interest of minors.

In the determination by the court whether the fee paid counsel is just and reasonable, the court will hear the opinion of persons familiar with the services of lawyers, and as to their value in similar cases. It will also take into consideration its own knowledge gathered either from practice at the bar or elsewhere as to the value of the services rendered. The general management of the case, gathered from the records in this court will have its due weight. In the case at bar, the opinions of all submitted was that the fee paid Mr. Weaver was just and very reasonable. The court's own knowledge accords with this view; and the records of this court bear abundant evidence in its confirmation. Exceptions as to this point will therefore be overruled.

As to the allowance of extra compensation, sec. 6188, provides : * * *. "And in all cases, such further allowance shall be made as the court shall consider just and reasonable, for actual and necessary expenses and. for any extraordinary services, not required of an executor or an administrator, in the common course of his duty. * * *"

What will constitute "actual and necessary expenses," or "extraordinary services," not required of an executor or administrator in the common course of his duty" is a matter which exists in the sound discretion of the trial court. The statutory fee allowed as commission is intended to pay the administrator or executor for all his services that may be required in the common course of the duty to convert all the assets into money, pay the debts of decedent and distribute the remainder to the persons entitled thereto. The law means to deal justly between the administrator or executor and heir, and equity to all should alone control the court in its decision. Light and frivolous charges for services of questionable value should receive no consideration by the court.

An administrator or executor who neglects his trust or discharges it in a faulty manner to the injury of the estate, or the annoyance of interested parties, should be allowed no extra compensation.

The rules of equity should be applied, that he who would have equity must do equity, and that he must come into court with clean hands. The law does not intend that the settlement of an estate shall be a sinecure to the administrator. In all cases it will devolve upon the administrator to prove the justness of his claims, and that he expenses or services were rendered in the performance of some act required "in the common course of his duty."

It is difficult to define all the things that may be required of an administrator or executor in the ordinary discharge of his duty. He must in the common course of that duty make and return an inventory. He must make a sale of the personal propety, and return the same to the probate court. and collect the proceeds. He must collect all outstanding credits and pay all the debts of the deceased. He must file accounts and distribute the proceds to the proper parties. I do not agree with some of the testimony offered in this case, that if an administrator or executor sell real estate he is not entitled to extra compensation. If nothing more is required than usually is in such cases, he would be entitled to nothing above his percentage or commission. Prolonged litigation or extraordinary attendant circumstances might give good ground for an extra allowance.

Or, if the administrator or executor did something not strictly required, as for instance, the making of the service of summons, or procuring waivers, etc., it is his duty to procure the very best price possible, in the common course of his duty, yet, if he by some extra effort, an extra good price be obtained, he might be allowed the expenses of his effort.

To bring a suit to construe a will, or service rendered in defending a will, are not within the usual duties of an administrator or executor. Neither is the care and collecting rents of real estate.

The long continuation of the trust, if absolutely necessary, and the attendant filing of a number of accounts might be extraordinary service. So would the suit on a desperate or doubtful claim, especially if successul.

In the case at bar, the administrators were entitled to an extra allowance for expenses incurred and services rendered, for bringing the suit to construe the will, the care of the farm, and collecting the rents. paying taxes for two years—and the sum asked is reasonable. In all cases where an administrator or executor asks an extra allowance, he should present his claim itemized fully. so that the court and all interested can fully understand the nature of his claim.

Some courts have held that unless this is done they will not allow any such claim or take cognizance of its existence.

W. J. Weaver, for Administrators
Jas. P. Goodwin, for Heirs.